Dana WILLIAMS v.
ARKANSAS OAK FLOORING CO.
and LIBERTY MUTUAL INSURANCE COMPANY

CA 79-65                                    590 S.W. 2d 328

Opinion delivered November 28, 1979
Released for publication December 19, 1979

*Brockman & Brockman*, by: *E. W. Brockman, Jr.*, for appellant.

*Coleman, Gantt, Ramsay & Cox*, by: *Martin G. Gilbert*, for appellees.

DAVID NEWBERN, Judge. In this workers' compensation case, the Workers' Compensation Commission denied compensation for the claimed temporary total disability on the basis the claimant had failed to produce substantial evidence of his disability. Over the objection of the appellees, the commission permitted the appellant to recover costs of consultation with a chiropractor from whom he has recently begun to receive treatment. The appellees cross-appeal, contending these costs should be denied the claimant. We affirm the commission's decision.

The appellant was injured January 12, 1977, suffering a strained or sprained back while working for the appellee Arkansas Oak Flooring Co. He returned to work for the appellee January 17, 1977, and worked there until February 7, 1977, when he was discharged because of a dispute over his time card. He has held two jobs since he left the employ of the appellee. His claim is that pain from the injury was a reason for his losing at least one job. He claims temporary total disability for the following periods: February 7, 1977, through February 25, 1977; June 6, 1977, to June 26, 1977; and August 1, 1978 to the present. The commission concluded these dates were more representative of "time off between jobs . . . than recurring disability."

The appellant's first contention on appeal is that the commission made a "finding" that the report of a physician, Dr. Wilkins, who treated the appellant, was not in the record. Although there was some confusing language in the "conclusions" section of the commission's decision, it is clear the commission had before it a report by Dr. Wilkins who treated the claimant, apparently at the instance of the appellees, at the time of the injury. The commission's decision was, in fact, based on the failure of the appellant, with one exception, to seek treatment for the allegedly painful

condition he contends to have been the cause of his disability during the one and one half years between Dr. Wilkins' examination and one by a Dr. Bierman, who is a chiropractor. Thus, as the commission bases its decision, in part, upon a date established by Dr. Wilkins' examination, and makes reference to Dr. Wilkins' report in its "statement of the case," we cannot say there was a finding the report was not before the commission. The confusion evident in the commission's opinion is at most harmless error.

The second point raised by the appellant is that his claim should have been allowed because he proved his case. We affirm the commission if there is substantial evidence to support its action. *Ryan* v. *NAPA,* 266 Ark. 802, 586 S.W. 2d 6 (Ark. App. 1979). In cases in which the commission has denied a claim because of a failure to show entitlement by a preponderance of the evidence, this standard can be translated as follows: we will affirm if the commission's opinion displays a substantial basis for the denial of relief.

Here, the basis of the denial was that, despite his allegations of pain causing disability, the claimant admittedly saw only one physician between January 12, 1977, and August 28, 1978, the date he consulted Dr. Bierman. The one physician he saw in addition to Dr. Wilkins was an orthopedist, Dr. Logue, who found some "strain and sprain" but made no statement with respect to disability. Neither Dr. Wilkins nor Dr. Bierman, the chiropractor, stated any finding of disability. There was a substantial basis for the commission to deny the claim.

The appellee's cross-appeal urges the appellee be found not responsible for payment for the treatments by Dr. Bierman. Dr. Bierman has proposed a plan of treatment for the appellant which the appellant apparently wishes to pursue. The ground urged by the appellee (cross-appellant) is the appellant's failure to comply with Workers' Compensation Commission Rule 21. That rule provides:

> The employer and/or insurance carrier has the right and duty in the first instance to provide prompt medical care to injuried employees through physicians and hos-

pitals of the respondents' choice. A claimant, subsequently, may obtain a change in treating physicians to a physician of the claimant's choice, the costs of such treatment to be borne by the employer or the employer's insurance carrier, provided (1) the claimant's healing period shall not have ended; (2) the claimant is not seeking to change physicians from one of his own choice, previously selected by the claimant; (3) the physician to whom the claimant wishes to change is qualified in the particular field of medicine needed for claimant's particular difficulties; (4) the claimant files with the Commission a petition for a change in physicians, gives the name of the physician to whom he wishes to change and asserts that the physician to whom he wishes to change is competent to treat his particular ailment; (5) no unresolved issue exists over whether claimant is legally entitled to medical care at the expense of respondents.

. . .

We find no fault with the commission's determination. We assume the commission was aware of and operating pursuant to its own rule. It apparently found all the conditions permitting a change of doctors. We may regard their determination as satisfying the requirement of subsection (4) of Rule 21 to the effect that the permission of the commission must be obtained. We note the commission made no order that the appellee pay the bill for Dr. Logue's examination, and thus the disqualification of Rule 21 (2) should not apply. That subsection should apply only when the insurer or employer is paying a physician selected by the claimant who then seeks to change to another physician of his choice. Although there is some qustion whether a chiropractor qualifies as a "physician" under the Rule, that point has not been argued.

Affirmed.

Judges Howard and Penix did not participate.