COLONIAL NURSING HOME and UNION
STANDARD INSURANCE COMPANIES v.
Fern HARVEY

CA 83-138                                    657 S.W.2d 209

Court of Appeals of Arkansas
Division II
Opinion delivered September 21, 1983

*Barber, McCaskill, Amsler, Jones & Hale,* for appellants.

*Whetstone & Whetstone,* by: *Bud Whetstone,* for appellee.

DONALD L. CORBIN, Judge. Appellants, Colonial Nursing Home and Union Standard Insurance Companies, appeal a decision of the Arkansas Workers' Compensation Commission awarding benefits to appellee, Fern Harvey. The Administrative Law Judge found that appellee's prolapsed uterus was caused by a work-related injury and was therefore compensable. The appellants appealed and the Commission found that the decision was supported by a preponderance of the evidence. On appeal to this Court, appellants contend that the Commission's decision should be reversed because appellee did not meet her burden of proof that her prolapsed uterus arose out of and in the course of her employment and because the award is not based upon substantial evidence. We affirm.

Appellee is a sixty-two year old woman who was employed by Colonial Nursing Home as a nurse's aide. She testified that she was injured on January 22, 1981, when a patient she was restraining "jerked" her and the bed to

which she was attempting to confine the patient. The patient and bed fell on appellee. Appellee was first seen by a chiropractor and then by a medical doctor, both of whom released her to return to work. Later, she was seen by Dr. John Lohstoeter, an orthopedist, who admitted her to St. Vincent Infirmary for a week of clinical testing to determine the cause of her back pain. During the course of the tests, Dr. Lohstoeter discovered that appellee had a prolapsed uterus. He associated Dr. Clark Gillespie, a gynecologist, who diagnosed appellee has having a moderately prolapsed uterus accompanied by a cystocele and a rectocele.

We review the evidence in workers' compensation cases in the light most favorable to the findings of the Commission. The issue is not whether we might have reached a different result or whether the evidence would have supported a contrary finding. The extent of our inquiry is to determine if the finding of the Commission is supported by substantial evidence. Even where a preponderance of the evidence might indicate a contrary result, we will affirm if reasonable minds could reach the Commission's conclusion. *Bankston* v. *Prime West Corporation*, 271 Ark. 727, 610 S.W.2d 586 (Ark. App. 1981); *Clark* v. *Peabody Testing Service*, 265 Ark. 489, 579 S.W.2d 360 (1979).

Appellants argue that the only competent medical testimony offered by appellee was that of Dr. Gillespie. They admit, however, that Dr. Gillespie acknowledged that it was possible that appellant's condition was aggravated by her fall but they emphasize that Dr. Gillespie also stated that it was not likely that the prolapsed uterus was caused by a one-time acute episode. Appellants also contend that the conclusion of Dr. Lohstoeter was not based on supporting facts and does not constitute substantial evidence. Dr. Lohstoeter stated in his deposition that it was his opinion that the prolapsed uterus preexisted the accident but did not actually manifest itself until appellee's fall. He apparently based his opinion on her prior medical history. Neither of appellee's treating physicians could state unequivocally when this condition occurred because they examined her after the injury.

We have examined the depositions of the two treating physicians and conclude that the Commission's finding is supported by substantial evidence. Dr. Lohstoeter felt that appellee's prolapsed uterus could have been caused by her injury on January 22, 1981. Dr. Gillespie was more guarded in his opinion, stating he had never seen such an occurrence in his thirty-five years of experience but that medical literature supported such incidents. There is no requirement that a finding by the Commission be based on evidence which is mathematically or medically certain. *Kempner's* v. *Hall,* 7 Ark. App. 181, 646 S.W.2d 31 (1983). It is well settled that when the claimant's ordinary work aggravates a pre-existing condition and thus contributes to the injury, the claim is compensable. *McGeorge Construction Company* v. *Taylor,* 234 Ark. 1, 350 S.W.2d 313 (1961). We find that there is substantial evidence to support the Commission's decision.

Affirmed.

MAYFIELD and CRACRAFT, JJ., agree.