### SOUTHWEST PIPE & SUPPLY and INSURANCE COMPANY OF NORTH AMERICA v. Lana HOOVER, Widow of David A. HOOVER, deceased, Employee

CA 84-279                                    680 S.W.2d 723

Court of Appeals of Arkansas
Division I
Opinion delivered December 12, 1984

*Shackleford, Shackleford & Phillips, P.A.,* for appellants.

*Holloway & Bridewell,* for appellee.

LAWSON CLONINGER, Judge. This is an appeal from an award of dependency benefits under the Workers' Compensation Act to appellee Lana Hoover, for herself and her two minor children. Appellee is the widow of David Hoover who was killed in an automobile accident while in the scope and

course of his employment with appellant, Southwest Pipe & Supply. We affirm the holding of the Commission.

The evidence established that on May 25, 1982, David Hoover was eastbound when his automobile collided head-on with a westbound tractor and trailer driven by Harry Thompson. An insurance adjuster and a state trooper investigated the accident, and their testimony indicated that Hoover's automobile was probably across the center line of the highway and that the impact occurred in the westbound lane. Thompson also testified that Hoover was in the wrong lane. However, Lloyd Franklin, the state trooper who worked the accident, testified that one of the contributing circumstances to the collision was that Thompson was driving too fast for the existing conditions.

Hoover's body was taken to a local hospital where, at the request of Trooper Franklin, a blood sample was drawn from Hoover's heart. The medical technician who drew the blood testified that he put the blood sample in a vacutainer tube, labeled it, and put tape over the top with his signature on the tape and the glass combined. Officer James Singleton testified that he took the tube from the medical technician and put it in the refrigerator at the Chicot County Jail. Trooper Franklin testified that he took the tube out of the refrigerator and mailed it to the Arkansas Department of Health. Peter Sammartino, a chemist with the Health Department, testified that he received the tube in the mail and ran a blood alcohol test on its contents. His test results showed that the sample had a .11% blood alcohol content. However, Sammartino also testified that he did not recall seeing any tape over the top of the tube and that "I don't recall specifically, but I'm pretty sure it wasn't there, because we would have saved it."

Ark. Stat. Ann. § 81-1305 (Repl. 1976) provides in pertinent part that "there shall be no liability for compensation under [the Workers' Compensation Act] where the injury or death from injury was substantially occasioned by intoxication of the injured employee. ... ." At the hearing before the Administrative Law Judge, the appellant offered in evidence the results of the blood alcohol test which

purported to establish that at the time of the accident, David Hoover had an alcohol blood level of .11%, which, under the statute in effect at the time of the accident, was .01% over the percentage of alcohol that was presumed to show intoxication. Ark. Stat. Ann. § 75-1031.1(A)(3) (Repl. 1979) (amended 1983). The Administrative Law Judge found that Hoover was intoxicated based on the results of the blood alcohol test, but he awarded benefits because he found that Hoover's intoxication did not "substantially occasion" his death.

The Workers' Compensation Commission agreed with the Administrative Law Judge's award of benefits but disagreed with his finding that Hoover was intoxicated. The Commission stated that the unexplained absence of the sealing tape with the technician's signature raised "serious questions regarding the accuracy, reliability, and authenticity of the blood alcohol test" and so "the results should not have been admitted into evidence or should be accorded little weight." The Commission went on to affirm and adopt the Administrative Law Judge's finding that the appellants failed to prove by a preponderance of the evidence that Hoover's injury and death were substantially occasioned by intoxication.

On appeal, appellant's first argument is that the Commission erred in finding that the blood alcohol test results should not have been admitted into evidence or should be accorded little weight. Appellant cites *St. Paul Insurance Co. v. Touzin*, 267 Ark. 539, 592 S.W.2d 447 (1980), where the Arkansas Supreme Court held that the Commission correctly admitted a similar blood test into evidence. In that case, the Arkansas Court of Appeals reversed the Commission, finding that the test was inadmissible because there had been no affirmative showing of strict compliance with Department of Health regulations for taking blood alcohol tests. The Supreme Court, in reversing the Court of Appeals, pointed out that "the Commission is not bound by technical rules of evidence or procedure, but may 'conduct the hearing in a manner as will best ascertain the rights of the parties.' " *Id.* at 449 [citing Ark. Stat. Ann. § 81-1327 (Repl. 1976)]. The court held that

the Commission had superior expertise in weighing the testimony and should be left to determine the probative value of proof that might not be admissible in a court of law. In the case at bar, the appellant argues that the Commission should have allowed the blood test into evidence because of its probative value and because the Commission is not bound by technical rules of evidence.

Although the court allowed the blood test into evidence in the *Touzin* case, it did so on the underlying premise that the Commission has discretion to determine admissibility of evidence in a manner that best ascertains the rights of the parties. In *Touzin,* the Commission allowed the test into evidence but it also received testimony that the claimant had smelled of alcohol and had several empty beer cans with him at the time of his death. In the instant case, the Commission received no other testimony which might lead to the conclusion that Hoover was intoxicated when he had the accident. More importantly, there was evidence that the only item tending to show Hoover's intoxication had been tampered with. There was substantial evidence to support the conclusion of the Commission that the blood test was not reliable evidence.

The Commission has broad discretion with reference to admission of evidence and we will not reverse absent a showing of abuse of that discretion. *Clark* v. *Peabody Testing Service,* 265 Ark. 489, 579 S.W.2d 360 (1979). Here, we find no abuse of the Commission's discretion. We believe that the Commission correctly excluded or limited the value of the blood alcohol test.

Appellant's second argument is that the Commission did not address the issue of whether Hoover's death was substantially occasioned by intoxication except in dictim; therefore, this court should remand for the Commission to consider this issue. We disagree. The Commission stated in its opinion: "[W]e affirm and adopt the Administrative Law Judge's opinion insofar as it holds that respondents have failed to prove by a preponderance of the evidence that claimant's injury was substantially occasioned by intoxication." Clearly, the Commission made a finding that

appellant failed to prove that Hoover's intoxication substantially caused his injury.

Appellant's final argument is that the Commission's finding is not supported by substantial evidence. On appeal, we review the evidence in the light most favorable to the findings of the Commission and we give the testimony its strongest probative value in favor of the order of the Commission. *Davis* v. *C & M Tractor Co.*, 4 Ark. App. 34, 627 S.W.2d 561 (1982). Under this standard, we find that there was substantial evidence to support the Commission's finding that appellant failed to prove Hoover's injury was substantially occasioned by intoxication. We repeat that the only evidence of intoxication was the blood alcohol test which was of questionable reliability. Furthermore, there was testimony that Hoover was probably not intoxicated. Two of his acquaintances testified that Hoover was with them during the afternoon and early evening and that he did not smell of alcohol or appear to be under the influence of alcohol. They both testified that they did not see him drink anything. Appellee testified that she had never seen her husband drunk. There was substantial evidence to support the Commission's conclusion that appellant did not prove that Hoover's intoxication substantially occasioned his death.

Affirmed.

CRACRAFT, C.J. and CORBIN, J., agree.