Gladys DeBOARD *v.* COLSON COMPANY and
SECOND INJURY FUND

CA 86-282                                725 S.W.2d 857

Court of Appeals of Arkansas
Division II
Opinion delivered March 18, 1987

*Michael R. Gott, P.A.*, for appellant.

*Walker, Snellgrove, Laser & Langley*, by: *David N. Laser*, for appellees.

JAMES R. COOPER, Judge. The appellant in this Workers' Compensation case was injured in her workplace on November 9, 1984, when a container she had pulled off a high shelf fell and struck her in the head. She was treated by Dr. Goza, who released her to return to work on February 18, 1985. Although she had been informed by her employer that any additional medical treatment would not be covered, the appellant began a course of treatment with Dr. Perkins, a chiropractor, on March 29, 1985. However, the appellee-employer has conceded that the appellant was not provided with a notice explaining her rights and responsibilities concerning a change of physicians before she sought treatment from Dr. Perkins. A hearing was held on January 7, 1986, concerning the appellant's petition alleging that she was entitled to additional temporary total disability benefits to cover the period of March 29, 1985 to June 24, 1985; that Dr. Perkins's medical bills should be paid by the appellee; and that she should

be re-evaluated by a neurosurgeon. The administrative law judge denied the appellant's petition, finding that her healing period had ended on February 18, 1985, and that her subsequent medical treatment from March 29, 1985 to June 24, 1985, was not reasonable or necessary. Following a *de novo* review of the record, the Workers' Compensation Commission adopted the opinion of the administrative law judge. From that decision, comes this appeal.

For reversal, the appellant contends that the Commission erred in denying her petition for change of physicians, and in finding that the medical treatment provided by Dr. Perkins was not reasonable or necessary. We find no error, and we affirm.

██ We first address the appellant's argument concerning the Commission's finding that Dr. Perkins's medical treatments were not reasonable or necessary. Arkansas Statutes Annotated § 81-1311 (Supp. 1985) requires an employer to provide such medical service as is reasonably necessary for the treatment of the injury received by the employee. Whether the medical treatment actually provided is reasonable and necessary is a question of fact for the Commission. *Wright Contracting Co. v. Randall*, 12 Ark. App. 358, 676 S.W.2d 750 (1984). In determining the sufficiency of the evidence to sustain the findings of the Workers' Compensation Commission, we review the evidence in the light most favorable to the Commission's findings, and we must affirm if there is any substantial evidence to support them. *Central Maloney, Inc.* v. *York*, 10 Ark. App. 254, 663 S.W.2d 196 (1984). We may reverse the Commission's decision only when we are convinced that fair-minded persons, with the same facts before them, could not have reached the conclusion arrived at by the Commission. *Snow* v. *Alcoa*, 15 Ark. App. 205, 691 S.W.2d 194 (1985).

██ The finding that Dr. Perkins's treatment was not reasonable or necessary was based on a finding that her medical problems were chronic and long-standing in nature. The evidence shows that Dr. Goza released the appellant to return to work on February 19, 1985. In his letter of April 22, 1985, Dr. Goza stated that there was a lack of objective findings to indicate that the appellant had any significant injury. He further stated that his evaluation of cervical spine films and an electonystagnogram

indicated that her complaints stemmed from a chronic problem and that they were not due to her work-related injury. The record also contains evidence that the appellant had suffered previous injuries which required treatment for head and neck pain. We hold that there was substantial evidence from which the Commission could find that the appellant's complaints resulted not from her 1984 injury, but rather from a reoccurrence of her prior chronic medical problem, and that medical treatments provided subsequent to February 19, 1985, when Dr. Goza released her to return to work, were thus not reasonable and necessary for the treatment of her employment-related injury.

Next, the appellant contends that the Commission erred in denying her petition for a change of physicians in light of her employer's failure to provide her with a notice explaining her rights and responsibilities concerning a change of physicians as required by Ark. Stat. Ann. § 81-1311 (Supp. 1985). Although that statute provides that the change of physician requirements outlined therein are inapplicable if the employer fails to deliver the claimant a copy of the statutory notice, we do not conclude that failure to furnish the notice automatically renders the employer liable for all treatment or services provided as the result of the subsequent change of physician. Although the failure to provide the employee the statutory notice does relieve the employee from the procedural requirements necessary to subject the employer to financial responsibility for subsequent medical bills, it does not answer the question of whether the treatment was reasonable and necessary. Thus, even an employer who fails to provide the proper notice is only liable for medical treatments and services which are reasonably necessary for the treatment of the employee's injury. Ark. Stat. Ann. § 81-1311 (Supp. 1985). In light of substantial evidence that the medical treatments administered subsequent to March 29, 1985, were not reasonable or necessary, we hold that the Commission did not err in denying the appellant's petition for change of physicians.

Affirmed.

COULSON and MAYFIELD, JJ., agree.