Priscilla LINTHICUM *v.* MAR-BAX SHIRT COMPANY
CA 87-226                                  741 S.W.2d 275
Court of Appeals of Arkansas
Division I
Opinion delivered December 16, 1987
[Rehearing denied January 13, 1988.]

*Frederick S. "Rick" Spencer*, for appellant.

*Mashburn & Taylor*, by: *Michael H. Mashburn* and *Jenniffer Morris Horan*, for appellee.

JAMES R. COOPER, Judge. In this Workers' Compensation case, the administrative law judge found that the appellant, Priscilla Linthicum, had sustained a compensable injury. After a *de novo* review, the full Commission found that the appellant had not proven that her injury arose out of and in the course of her employment and, therefore, her back injury was not compensable. On appeal, the appellant argues that the Commission's finding is not supported by substantial evidence and that the Commission erred in not taking into account the findings of credibility made by the administrative law judge. The appellant also argues that the Commission erred in relying on a doctor's report because it was hearsay. We find no error and affirm.

In determining the sufficiency of the evidence to sustain the Commission's factual findings, we review the evidence in the light most favorable to those findings, and we must affirm if there is any substantial evidence to support them. *Deboard* v. *Colson Co.*, 20 Ark. App. 166, 725 S.W.2d 857 (1987). In cases where a claim is denied because a claimant fails to show entitlement to compensation by a preponderance of the evidence, the substantial evidence standard of review requires that we affirm if a substantial basis for the denial of relief is displayed by the Commission's opinion. *Williams* v. *Arkansas Oak Flooring Co.*, 267 Ark. 810, 590 S.W.2d 328 (Ark. App. 1979).

The appellant testified that on May 17, 1985, as she was tossing a bundle of shirts into a bin, she felt a sharp pain in her back. She stated further that the pain worsened to the point that she had difficulty getting out of her car after driving home and that the next day she could not get out of bed. She saw her family doctor three days after the injury.

The appellant's neighbor testified that the appellant did indeed have trouble getting out of her car and that the appellant was in a great deal of pain. However, on cross-examination, the neighbor admitted that she only remembered that the incident occurred in the middle of May and that the appellant had told her

the actual date.

Randy McCollough, another employee at Mar-Bax, testi-fied that the appellant did not indicate to him that she had suffered any back pain. Bertha Tolliver, a supervisor at Mar-Bax, stated that she did not notice whether or not the appellant was experiencing any difficulty at work on May 17. She stated further that employees were required to report any injuries and the appellant did not report that she had been injured at work until several weeks later. Mary Cardwell, Bertha Tolliver's assistant, said that the appellant told her that she had an infection or inflammation in her back and that she could tell that the appellant was in pain when the appellant returned to work.

■■ As the administrative law judge stated in his opinion, the issues in this case turned on the credibility of the witnesses. However, the findings of the administrative law judge on issues of credibility are not binding on the Commission. *Roberts v. Leo Levi Hospital*, 8 Ark. App. 184, 649 S.W.2d 402 (1983). Furthermore, once the Commission has made its decision on issues of credibility this Court is bound by that decision. *Roberts, supra.*

The appellant argues that the Commission erred because it completely disregarded the fact that the administrative law judge based his decision on the credibility of the appellant and her witnesses. It is the appellant's contention that the administrative law judge is in a better position to judge credibility because the parties are physically present before him while the Commission only reviews a "cold record."

■ The same argument was rejected by this court in *Dedmon v. Dillard Department Stores, Inc.*, 3 Ark. App. 108, 623 S.W.2d 207 (1981). Although the appellant's argument may be logical, our standard of review of Workers' Compensation cases is limited by statute. Arkansas Statutes Annotated § 81-1325(b) (Supp. 1985) provides that findings of fact made by the Commission shall be conclusive and binding upon this court. It is the duty of the Commission to make a finding according to a preponderance of the evidence and not whether there is any substantial evidence to support the finding of the administrative law judge. *Dedmon, supra; Arkansas Coal Co. v. Steele*, 237 Ark. 727, 375 S.W.2d 673 (1964).

The appellant's second argument concerns a letter introduced into evidence by the appellee that had been written by the appellant's doctor. In that letter the doctor stated that the appellant did not indicate a specific injury or work related accident when he examined her. The doctor's report, which was also entered into evidence, states that the appellant awakened with the pain. It is the appellant's contention that both of these documents are hearsay and are admissible only if verified. We disagree.

The appellant failed to object at the hearing to the introduction of the documents and is precluded from raising this issue on appeal. *Clark* v. *Peabody Testing Service*, 265 Ark. 489, 579 S.W.2d 360 (1979). Furthermore, the Commission is not bound by technical or statutory rules of evidence. Ark. Stat. Ann. § 81-1327 (Supp. 1985). The Commission has broad discretion with reference to admission of evidence and its decision will not be reversed absent a showing of abuse of discretion. *Southwest Pipe and Supply* v. *Hoover*, 13 Ark. App. 144, 680 S.W.2d 723 (1984). We find no abuse of discretion.

Giving the testimony its strongest probative force in favor of the findings of the Commission, and considering the appellant's failure to report a work related injury to her doctor and her delay in reporting to her employer, we find that there was substantial evidence presented to support the Commission's conclusion.

Affirmed.

CRACRAFT and COULSON, JJ., agree.