## Susan JACKSON *v.* POULAN/WEED EATER

CA 93-656                                                    876 S.W.2d 276

Court of Appeals of Arkansas
En Banc
Opinion delivered May 18, 1994
[Rehearing denied June 22, 1994.*]

*Lane, Muse, Arman & Pullen*, by: *Richard S. Muse*, for appellant.

*McMillan, Turner & McCorkle*, by: *Edward W. McCorkle*, for appellee.

JOHN E. JENNINGS, Chief Judge. Susan Jackson worked for Poulan/Weed Eater for twelve years. In early 1990, she began

---

*Robbins and Mayfield, JJ., would grant rehearing.

having numbness in her foot. She was diagnosed with heel spurs (plantar fasciitis) and underwent surgery in February 1992. Her workers' compensation claim was filed in January 1992. The administrative law judge denied her claim, and the Workers' Compensation Commission affirmed and adopted his opinion. Ms. Jackson now appeals, contending that the Commission erred in finding that she failed to prove by a preponderance of the evidence that the plantar fasciitis was caused or aggravated by her employment. We affirm the Commission's decision.

In reviewing a decision of the Workers' Compensation Commission, we must view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings and affirm if those findings are supported by substantial evidence. *Beeson* v. *Landcoast*, 43 Ark. App. 132, 862 S.W.2d 846 (1993). Where the Commission denies relief based upon a claimant's failure to meet her burden of proof, the substantial evidence standard of review requires that we affirm if the Commission's decision displays a substantial basis for the denial. *Linthicum* v. *Mar-Bax Shirt Co.*, 23 Ark. App. 26, 741 S.W.2d 275 (1987). It is the function of the Commission to determine the credibility of the witnesses and the weight to be given their testimony. *CDI Contractors* v. *McHale*, 41 Ark. App. 57, 848 S.W.2d 941 (1993). The question is not whether we might have reached a different result or whether the evidence would have supported a contrary finding; if reasonable minds could reach the Commission's conclusion, we must affirm its decision. *Garrett* v. *Sears, Roebuck & Co.*, 43 Ark. App. 37, 858 S.W.2d 146 (1993).

Appellant testified that for about the last six years at Poulan she had operated a machine which bent tubes. She said that she always stood on one spot at the machine, standing on a little thin mat on a concrete floor. In October 1990, her right foot started hurting. She had no idea at that time that there was any connection between her problem and her work. Neither cortisone injections nor shoe inserts helped, and she was unable to comply with her doctor's instructions to lose weight. She underwent surgery in 1992.

Other evidence introduced at the hearing included medical reports and letters of Dr. Robert Olive and testimony of Harold

Broyles, appellant's production supervisor. In a letter written January 8, 1992, Dr. Olive addressed obesity as a factor in appellant's fasciitis. The letter he wrote to claimant's attorney on April 9, 1992, discussed the causal relationship between appellant's foot problems and her job:

> [You ask about] the causal relationship between Mrs. Jackson's condition and having to stand long periods of time at work. There definitely is a correlation between people who stand for long periods of time and those who develop plantar fascitis. There is also a correlation between people who are overweight and those who develop plantar fascitis as well because they put excessive strain on their feet. Unfortunately, we'll never know which had the greatest bearing on her condition, but her job situation did exacerbate the situation in terms of being required to stand for long periods of time . . . .

In finding that appellant failed to meet her burden of proof, the Commission found that Dr. Olive's opinion was entitled to little weight. The Commission's opinion stated "there was no indication that appellant's condition was caused or aggravated by her employment . . . until surgery was contemplated and claimant actually filed a compensation claim." The Commission also pointed to Mr. Broyles' testimony that appellant operated her machine only three or four months a year due to the seasonal nature of her work.

■ Giving the testimony its strongest probative force in favor of the findings of the Commission, we hold that there was substantial evidence to support the Commission's denial of the claim.

Affirmed.

ROBBINS and MAYFIELD, JJ., dissent.

JOHN B. ROBBINS, Judge, dissenting. I must respectfully dissent from the decision of the majority of this court which today affirms the Commission's finding that an obese employee's heel spurs were not aggravated by her employment. Her employment required her to stand on her feet at one location throughout the work day for at least three or four months each year.

The Commission found, as the majority notes, that the medical opinion of the employee's physician, Dr. Robert Olive, was entitled to only little weight. Even so, the Commission's determination that the employee failed to prove that her plantar fasciitis (heel spurs) were caused *or aggravated* by her employment defies logic. This employee has a history of obesity. At the time of the hearing before the Administrative Law Judge she weighed two hundred pounds, approximately twice the weight recommended by her doctor. An employer takes his employees as it finds them. *Nashville Livestock Comm'n* v. *Cox*, 302 Ark. 69, 787 S.W.2d 664 (1990). If this employee had not worked for appellee, but simply remained at home resting in a recliner without ever placing any weight on her feet, would her heel spurs ever have caused her discomfort? Common sense suggests that when she stood on her feet she aggravated her heel spurs. Although there may be several reasons why she might be on her feet over the course of a day, one undisputed reason was to go to work and perform her job duties which she did for more than a year after her feet began to bother her. While it may be debatable as to whether the employee's heel spurs were caused by her employment, and I acknowledge that there is substantial evidence in the record to support the Commission's finding that it did not, the Commission also found that the employee's employment did not *aggravate* her condition. There is, I submit, no substantial evidence which supports this finding. I suggest that employment which combines with a pre-existing obesity condition and aggravates a medical problem, even though the medical problem may not itself be job related, should be compensable. *See* 1 Arthur Larson, *The Law of Workmen's Compensation* § 12.21 (1993).

I would reverse and remand to the Commission for an award of appropriate benefits.

MAYFIELD, J., joins in this dissent.