Herbert E. HANEY *v.* SMITH, DOYLE & WINTERS and Continental Insurance Company

CA 93-299                                                    878 S.W.2d 775

Court of Appeals of Arkansas
En Banc
Opinion delivered June 29, 1994

*Compton, Prewett, Thomas & Hickey, P.A.*, by: *Floyd M. Thomas, Jr.*, for appellant.

*Laser, Sharp, Wilson, Bufford & Watts*, by: *Ralph R. Wilson*, for appellees.

JAMES R. COOPER, Judge. The appellant in this workers' compensation case sustained a compensable injury in the course of his employment with the appellee Smith, Doyle & Winters Construction Company on August 7, 1986. The appellant chose Dr. Swain, a chiropractor, as his treating physician. The claim was initially accepted as compensable and payment for chiropractic treatments was made from the time of the injury through July 28, 1989. However, after July 28, 1989, the appellee insurance carrier refused to pay for any additional chiropractic treatments and requested that the appellant be referred to Dr. Hartmann, an orthopedic surgeon. Dr. Hartmann examined the appellant on March 20, 1991; on March 21, 1991, Dr. Hartmann prepared a written report detailing the results of his examination and expressing his opinion that the appellant's condition was stable and no orthopedic treatment was necessary at that time, although he indicated that further procedures might be considered if the appellant's symptoms were exacerbated. After a hearing on the appellant's claim that the appellees should be liable for chiropractic treatment rendered subsequent to July 28, 1989, the Commission found that chiropractic treatment provided subsequent to that date was unreasonable and unnecessary. From that decision, comes this appeal.

For reversal, the appellant contends that the Workers' Compensation Commission erred in finding that chiropractic treatment rendered subsequent to July 28, 1989, was unreasonable and unnecessary. We affirm as modified and remand.

At the hearing, there was evidence that the appellant injured his back lifting some steps while performing construction work in the course of his employment with the appellee construction company. On the recommendation of a relative, the appellant sought treatment from a chiropractor. He stated that the treatments gave him relief and enabled him to continue doing construction work. Dr. Hartmann testified that he believed that the appellant suffered from a herniated disc which the chiropractic physician had misdiagnosed as a back strain. Dr. Hartmann stated that, had he been treating the appellant, he would have given him physical therapy for only a few weeks, with rest and medication prescribed for subsequent flare-ups.

In reviewing decisions of the Arkansas Workers' Com-

pensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings, and we uphold those findings if there is substantial evidence to support them. Where, as here, the Commission has denied a claim because of failure to show entitlement to benefits, the substantial evidence standard of review requires that we affirm the Commission's decision if its opinion displays a substantial basis for the denial of relief. *Shaw* v. *Commercial Refrigeration*, 36 Ark. App. 76, 818 S.W.2d 589 (1991). It has been held that, when the medical evidence is conflicting, the resolution of that conflict is a question for the Commission. *See Henson* v. *Club Products*, 22 Ark. App. 136, 736 S.W.2d 290 (1987). In the case at bar, Dr. Hartmann stated that he did not believe that chiropractic treatment was necessary for the appellant's condition for five years after the appellant's compensable injury. The Commission found that Dr. Hartmann's opinion was entitled to great weight. Consequently, we affirm the Commission's finding that further chiropractic treatments were not reasonably necessary with respect to treatments rendered subsequent to Dr. Hartmann's letter of March 21, 1991, in which he expressed his opinion that the appellant's condition was stable and that no further treatment was required at that time. However, we modify the Commission's decision with regard to benefits for chiropractic treatments rendered prior to Dr. Hartmann's letter of March 21, 1991.

The Arkansas General Assembly, in Act 444 of 1983, specifically permitted an injured employee to choose either a medical or chiropractic physician. This portion of the Act is now codified at Ark. Code Ann. § 11-9-514(2) (1987). We think that the legislative intent was to provide for an alternative form of treatment as an alternative to treatment by a medical doctor. The clear implication of the Commission's ruling in the case at bar is that a claimant must accurately assess his own condition to determine which of the competing schools of treatment is proper in his case, and will be denied benefits for those treatments if his decision is later determined by medical experts to have been incorrect. We do not think that the legislature so intended in enacting Act 444 of 1983. In the case at bar, after initially treating the claim as compensable and providing benefits for treatments, the appellee insurance company stopped payment of ben-

efits on July 28, 1989, and requested an independent medical examination which was not performed until almost two years later, on March 20, 1991.

■     Although the appellant did not appeal from that portion of the order appointing Dr. Hartmann as his treating physician, the very fact that a treating physician was appointed indicates that the appellant required medical treatment up to and after the time of the hearing in this case. Furthermore, no witness, including Dr. Hartmann, testified that the treatments rendered subsequent to July 28, 1989, were unreasonable and unnecessary.[1] Regardless of whether the appellees assumed the burden of proving that the chiropractic treatments were not reasonable and necessary, or whether that burden remained on the appellant, we hold that fair-minded persons could not conclude that the treatments provided between the appellees' request for an independent examination and the completion of that examination were not reasonable and necessary, and that charges for treatments provided during that interim period are therefore to be borne by the appellees. Consequently, we remand to the Commission for the entry of an order consistent with this opinion.

Affirmed as modified and remanded.

ROBBINS and MAYFIELD, JJ., agree.

ROGERS, J., concurs.

JENNINGS, C.J., and PITTMAN, J., dissent.

JUDITH ROGERS, Judge, concurring. I concur with the majority that under the particular facts in this case, the chiropractic treatment received by appellant between July 28, 1989, and March 20, 1991, is compensable.

---

[1]Dr. Hartmann characterized chiropractic treatment as the equivalent of physical therapy, and testified that he would not continue physical therapy for five years, but would instead allow only a few weeks of physical therapy and would prescribe medication for the treatment of subsequent flare-ups. We regard this testimony as a mere description of the difference between medical and chiropractic treatment which cannot reasonably be regarded as evidence that the chiropractic treatments administered in the case at bar were not reasonable and necessary, especially in light of the clear legislative intent to afford injured workers a chiropractic alternative to medical treatment in Act 444 of 1983.

Once the injured worker has proven that his treatment is necessary and causally related to his compensable injury, he should not be required to prove it anew each and every day that he might need treatment.

Here, when the medical bills were disputed, the claimant agreed to another medical opinion at the request of his employer. It is significant to note in this case, that the claimant was not released to return to work by his doctor at the time the employer stated that the treatment was unnecessary, and when the employer requested a second opinion. During the interim between the dispute and the requested examination, the claimant should not be deprived of treatment for pain or medical services provided, and medicine if this is ordered. In this case, the examination was approximately twenty months after the agreement to undergo an additional examination. There is evidence in the record that the claimant continued to experience pain during and after this interim. The record does not disclose why there is a long interval between the date that the employer disputes additional coverage and the first examination by the doctor who is selected by the employer. If no further diagnosis or examination was arranged, the employer could cut off all benefits unilaterally by the simple expedient of stating that the medical expenses are not reasonable and necessary. It would be foolish to suggest that the purpose of ameliorative legislation is to put the injured worker in a posture of getting the employer's permission for every single treatment.

Despite the dissent's statement, the majority opinion recognizes that under the law an injured worker still bears the burden of proving that he suffered an injury, that it is causally connected to his work, and that he is in need of medical services. This claim was originally accepted by the employer as compensable and the ensuing medical services were paid for a long period. I think, however, that it defies logic to say that treatment becomes unnecessary just because the employer, at some point decides this is so, without any supporting evidence.

I do not mean to imply by this decision that treatment continue indefinitely, nor that a causal connection need not be established. I do however think it takes more than the employer's statement, without any additional evidence, that the medical treatment is unnecessary to cease payments *once liability* is established.

There is no indication in the record that the claimant *ever* refused to undergo an examination by a physician chosen by the employer. I hope the dissent is not saying that once the medical necessity of treatment is established, then by the simple expedience of refusing to pay for treatment, an injured worker should be without medical attention, even though at that time there is no proof in the record that treatment is unnecessary and there is evidence in the record to the contrary.

JOHN E. JENNINGS, Chief Judge, dissenting. The issue for the Commission was whether the chiropractic treatment of the appellant, Herbert Haney, was reasonable and necessary beyond July 28, 1989. This is the date that the appellees controverted the issue by refusing to make further payments for the chiropractic treatment.

Whether the treatment for a compensable injury is reasonable and necessary is a question of fact. *Tracor/MBA* v. *Baptist Medical Center*, 29 Ark. App. 198, 780 S.W.2d 26 (1989); *Savage* v. *General Industries*, 23 Ark. App. 188, 745 S.W.2d 644 (1988); *DeBoard* v. *Colson Co.*, 20 Ark. App. 166, 725 S.W.2d 857 (1987). When the Commission's finding of fact is challenged on appeal we must affirm if the finding is supported by substantial evidence. *Wright* v. *ABC Air, Inc.*, 44 Ark. App. 5, 864 S.W.2d 871 (1993); *Garrett* v. *Sears, Roebuck & Co.*, 43 Ark. App. 37, 858 S.W.2d 146 (1993). Whether the Commission's finding is supported by substantial evidence is a question of law for the appellate court to decide. *Pickens-Bond Constr. Co.* v. *Case*, 266 Ark. 323, 584 S.W.2d 21 (1979); *Aluminum Co. of America* v. *McClendon*, 259 Ark. 675, 535 S.W.2d 832 (1976); *Perry* v. *Mar-Bax Shirt Co.*, 16 Ark. App. 133, 698 S.W.2d 302 (1989). When the issue is whether the Commission's finding of fact is supported by substantial evidence the question for us is whether reasonable minds could have reached the conclusion reached by the Commission. *See Welch's Laundry & Cleaners* v. *Clark*, 38 Ark. App. 223, 832 S.W.2d 283 (1992); *Hardin* v. *Southern Compress Co.*, 34 Ark. App. 208, 810 S.W.2d 501 (1991); *Bearden Lumber Co.* v. *Bond*, 7 Ark. App. 65, 644 S.W.2d 321 (1983). In deciding this question we must view the evidence in the light most favorable to the findings of the Commission. *Quality Serv. Railcar* v. *Williams*, 36 Ark. App. 29, 820 S.W.2d 278 (1991); *Hope Brick Works* v. *Welch*, 33 Ark. App. 103, 802

S.W.2d 476 (1991); *College Club Dairy* v. *Carr*, 25 Ark. App. 215, 756 S.W.2d 128 (1988).

When the evidence is viewed in that light, I am unable to understand the result the majority reaches.

Mr. Haney sustained an admittedly compensable injury on August 7, 1986, when he reached down to pick up a set of steps. He saw Dr. A.H. Swain, an El Dorado chiropractor. Dr. Swain diagnosed the injury as a back strain and certified on August 9, 1986, that Mr. Haney could return to regular work without restrictions.

After appellant had been cleared to return to work he continued to see Dr. Swain and, later, other chiropractic physicians who had purchased Dr. Swain's practice. Mr. Haney testified that the only treatments he received were "adjustments of the low back," where his back would be massaged. He also testified that since the date of the injury he had seen the chiropractic physicians hundreds of times and had gotten no "long-term relief." As to "short-term relief," he said sometimes it helped him and sometimes it didn't.

While Dr. E.R. Hartmann, an orthopedic physician, testified that he believed Mr. Haney had the "residuals of a herniated lumbar disc," he conceded that it was a possibility that Dr. Swain's diagnosis of the lumbar strain or sprain was correct. Dr. Hartmann testified that "in some areas chiropractors are pretty good physical therapists," but that "you certainly wouldn't give a patient [physical therapy] for five years." He said, "I would prescribe it, let them have a few weeks, and if it helps, great."

Between the time the appellees controverted the necessity of continued chiropractic treatment on June 28, 1989, and the date of the hearing before the administrative law judge on November 20, 1991, Mr. Haney saw Dr. Swain's successors on seventy-eight separate occasions and charges were submitted for more than 200 separate procedures. In my view, reasonable minds could conclude that the adjustments administered after July 28, 1989, were not necessary for the treatment of appellant's injury.

JOHN MAUZY PITTMAN, Judge, dissenting. I dissent. This case should be very simple. As Chief Judge Jennings states in his

dissent, the issue presented to the Commission was whether the chiropractic treatment undergone by appellant subsequent to July 28, 1989, was reasonably necessary for the treatment of his injury. *See* Ark. Code Ann. § 11-9-508 (1987). The Commission found that appellant had failed in his burden of proving that the treatment was reasonable and necessary. The only issue presented on appeal is whether the Commission's finding is supported by substantial evidence. I agree with Chief Judge Jennings' analysis of this issue and join in his dissenting opinion.

However, I feel I must write separately in order to offer a direct response to some of the more troubling statements and implications of a majority of this court. The majority *reverses* a significant portion of the Commission's decision because "no witness, including Dr. Hartmann, testified that the treatments rendered subsequent to July 28, 1989, were unreasonable and unnecessary." In the process of so holding, the majority: (1) imposes on the employer a burden of disproving the reasonableness and necessity of a claimant's chiropractic treatment; (2) effectively imposes on the employer a burden of forcing a claimant to submit to and attend an independent medical evaluation; and (3) seemingly declares as a matter of law that an employer is liable for an injured employee's chiropractic treatment unless and until an independent medical examination is performed.

The law in this state has always been that the claimant bears the burden of proving his entitlement to workers' compensation benefits. *See Arkansas Department of Health* v. *Williams*, 43 Ark. App. 169, 863 S.W.2d 583 (1993); *Gencorp Polymer Products* v. *Landers*, 36 Ark. App. 190, 820 S.W.2d 475 (1991); *Morrow* v. *Mulberry Lumber Co.*, 5 Ark. App. 260, 635 S.W.2d 283 (1982). This same rule is applicable not only to claims for medical benefits generally, *see Morgan* v. *Desha County Tax Assessor's Office*, 45 Ark. App. 95, 871 S.W.2d 429 (1994), but to charges for chiropractic care as well, *Alexander* v. *Lee Way Motor Freight*, 15 Ark. App. 41, 689 S.W.2d 3 (1985) ("The claimant's right to seek treatment from a chiropractor is not unconditional; *he must still prove the treatment is reasonable and necessary* and causally related to his compensable injury"). The employer has no burden of disproving a claimant's entitlement to benefits.

The issue before the Commission, therefore, was *not* whether

appellee had offered definitive proof that appellant's chiropractic treatment was *un*reasonable and *un*necessary. Instead, the issue was whether *appellant* had met *his* burden of affirmatively proving by a preponderance of the credible evidence that the treatment was, in fact, reasonably necessary. Likewise, the issue on appeal is *not* whether appellee presented one witness or another from whose testimony the Commission could have found the treatment to be unreasonable and unnecessary. Since the Commission found that the party with the burden of proof, appellant, had failed to meet that burden, the issue is whether the Commission's opinion displays a substantial basis for the denial of relief. *Wright* v. *ABC Air, Inc.*, 44 Ark. App. 5, 864 S.W.2d 871 (1993); *Johnson* v. *American Pulpwood Co.*, 38 Ark. App. 6, 826 S.W.2d 827 (1992); *Shaw* v. *Commercial Refrigeration*, 36 Ark. App. 76, 818 S.W.2d 589 (1991); *Linthicum* v. *Mar-Bax Shirt Co.*, 23 Ark. App. 26, 741 S.W.2d 275 (1987); *Williams* v. *Arkansas Oak Flooring Co.*, 267 Ark. 810, 590 S.W.2d 328 (Ark. App. 1979). These differences are fundamental, but are missed entirely by the majority.[1]

If, however, the majority is insistent upon shifting the burden of proof to the employer, then the case should at least be remanded for an evidentiary hearing at which appellee would be allowed the opportunity to offer whatever additional evidence it might have in order to disprove the reasonableness and necessity of the treatment administered to appellant between July 1989

---

[1]Aside from the absence of expert testimony that the treatment was, in so many words, unreasonable and unnecessary, the only other evidentiary support offered for the majority's conclusion is that a treating physician was appointed for appellant. The majority maintains that the "fact" that "the order" appointed a treating physician "indicates that the appellant required medical treatment up to and after the time of the hearing in this case." Clearly, the inference drawn by the majority with respect to the need for prior medical treatment is a non sequitur. Even if it were not, however, it cannot be said that the mere existence of a need for *some* medical treatment justifies the automatic imposition of liability on the employer for *any and all* treatment previously received, regardless of whether it was reasonable and necessary. As basic as the foregoing is, it is nevertheless secondary when one considers that the Commission's order in this case, which is the order appealed from and the only order abstracted by either party, is absolutely silent regarding the appointment of a treating physician. Even assuming that some order touching on the subject might exist, the majority can only have found it by reference to the record. Therefore, in addition to everything else, the majority must also have violated the well-established rule that we do not go to the record to reverse. *See, e.g., Boren* v. *Qualls*, 284 Ark. 65, 680 S.W.2d 82 (1984).

and March 1991. As it stands, the majority places upon appellee a burden of proof of which appellee could not have been aware, as it never before existed, and then, after conducting a *de novo* review of the record, faults appellee for not having met that burden. This is wrong.

Finally, I cannot help but note that the majority also attaches a crucial significance to March 21, 1991, the date of Dr. Hartmann's report following his independent examination of appellant. In the next to last paragraph of Judge Cooper's opinion, three judges apparently conclude that our Workers' Compensation Act prohibits the denial of benefits for chiropractic treatment that is undergone prior to a "determin[ation] by medical experts" that such treatment is unreasonable and unnecessary. This same sentiment is echoed throughout the concurring opinion. As a practical matter, the majority has elevated chiropractic care to a state that it is automatically treated as reasonable and necessary and compensable unless and until an independent medical examination conclusively establishes otherwise. I do not understand the position taken by the majority. First, it is clear that the majority has created the argument out of whole cloth and, as such, the question should not be considered at all. It simply cannot be said that appellant has at any time argued that the dates of Dr. Hartmann's examination or report are in any way significant, that he (appellant) had any reason to believe that appellee was willing to pay for the treatment received prior to those dates, or that appellee should be responsible for the cost of the treatment because of some delay in having him independently examined. Appellant argues only that all of his chiropractic treatment was, *in fact*, reasonable and necessary for the treatment of his compensable injury and that the evidence is insufficient to support a finding otherwise.

In any event, I am unaware of any authority, or reason, supporting the majority's decision to make an independent medical examination essentially a prerequisite to the employer's right to contest its liability for chiropractic expenses. While an employer may request that the Commission order a claimant to undergo such an independent examination, Ark. Code Ann. § 11-9-511 (1987), there is no requirement that the employer make such a request or that the Commission grant it. If there is no requirement that such an examination be performed at all, then there

certainly is no requirement that an employer secure the performance of an examination that the majority would deem either conclusive or "timely." Indeed, only the Commission can require a claimant to undergo an independent medical examination. Ark. Code Ann. § 11-9-511.[2] The fact of the matter is that controverting liability for a claimant's chiropractic treatment, as appellee did in this case as of July 28, 1989, is all that is required for an employer to put the claimant to his burden of proving that the treatment for which benefits are sought was reasonable and necessary. *See DeBoard* v. *Colson Co.*, 20 Ark. App. 166, 725 S.W.2d 857 (1987); *see also Alexander* v. *Lee Way Motor Freight, supra.*

---

[2]It should be noted that appellee was *not* seeking to bar appellant's right to further compensation on grounds that appellant had failed to obey any order of the Commission with respect to an independent examination, *see* Ark. Code Ann. § 11-9-511(e); appellee was merely contesting whether the treatment appellant had received was reasonable and necessary. In the former situation, it may be that the employer would bear the burden of proving the claimant's failure to obey an order; in the latter, the employer has no burden of proof.