Edward JOHNSON *v.* RICELAND FOODS

CA 93-1115 884 S.W.2d 626

Court of Appeals of Arkansas
En Banc
Opinion delivered October 12, 1994

*The Whetstone Law Firm, P.A.*, by: *Gary Davis*, for appellant.

*Friday, Eldredge & Clark*, by: *Guy Alton Wade*, for appellee.

JUDITH ROGERS, Judge. This is an appeal from the Workers' Compensation Commission's decision finding that appellant had failed to prove by a preponderance of the evidence that he suffered a compensable injury to his back while working for appellee. On appeal, appellant contends that there is no substantial evidence to support the Commission's decision. We disagree and affirm.

Appellant worked as a dryer operator for appellee. He alleged that on July 22, 1992, he suffered an injury to his back while carrying buckets of wet wheat. Appellee contested appellant's claim by submitting that appellant had hurt his back earlier in June of 1992 when he attempted to move his mother's freezer. The administrative law judge found in appellant's favor, but the Commission reversed.

 In reviewing a decision of the Workers' Compensation Commission, we must view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings and affirm if those findings are supported by substantial evidence. *Jackson* v. *Poulan/Weed Eater*, 46 Ark. App. 18, 876 S.W.2d 276 (1994). Where the Commission denies a claim because of the claimant's failure to meet his burden of proof, the substantial evidence standard of review requires that we affirm the Commission's decision if its opinion displays a substantial basis for the denial of relief. *Johnson* v. *American Pulpwood Co.*, 38 Ark. App. 6, 826 S.W.2d 827 (1992). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *CDI Contractors* v. *McHale*, 41 Ark. App. 47, 849 S.W.2d 1 (1993). The question is not whether we might have reached a different result or whether the evidence would have supported a contrary finding; if reasonable minds could reach the Commission's conclusion, we must affirm its decision. *Jackson* v. *Poulan/Weed Eater, supra.*

In support of his claim for benefits, appellant testified that he felt his back pull when he was picking up five-gallon buckets of wet wheat. He said that this incident occurred on July 22, 1992. However, the record reveals that Mr. Johnny Carol Kitler, a coworker, was working beside appellant on July 22, 1992. Mr. Kitler testified that he (appellant) did not tell Mr. Kitler that he had pulled anything that day while moving buckets. Mr. Major

Morehead, another co-worker, also testified that appellant did not mention that he had hurt his back at work. The record further discloses that appellant did not report the alleged injury on July 22, 1992, as being work-related until July 27, 1992.

Mr. Morehead and Mr. Kitler both testified that appellant told them that he had hurt his back in June of 1992 while moving a deep freeze for his mother. Mr. Morehead related that appellant had missed a couple of days of work on account of that injury and had returned to work afterwards at light duty. Records introduced by appellee confirmed these missed days of work in June and showed that appellant had reported missing work because he hurt his back moving a deep freeze at his mother's house.

Mr. Kitler also testified that appellant had complained about his back for two or three years prior to this alleged accident on July 22, and that appellant had gone to the chiropractor several times.

It was appellant's burden to show that his back injury resulted from a work-related incident. In an effort to meet this burden, appellant maintained that he had hurt his back on a date certain, July 22, 1992, while moving buckets; he did not claim that the alleged incident aggravated a pre-existing condition. To the contrary, the record reflects that he generally denied having a previous back injury, and, specifically, he denied having hurt his back while moving a freezer. Indeed, he put on evidence attempting to show that his mother's freezer had not been moved. As stated earlier, that evidence was contradicted by appellant's co-workers.

On the evidence presented, the Commission found that appellant's testimony was entitled to little weight when compared to the other evidence presented, and consequently it denied appellant's claim for benefits. In making our review, we recognize that it is the function of the Commission to determine the credibility of the witnesses and the weight to be given their testimony. *Ringier America v. Combs*, 41 Ark. App. 47, 849 S.W.2d 1 (1993). The Commission resolved the credibility issue in favor of appellee's witnesses, deciding that appellant's testimony was not worthy of belief, and thus we cannot conclude that the Commission's decision does not display a substantial basis for the

denial of relief. *See Shaw* v. *Commercial Refrigeration*, 36 Ark. App. 76, 818 S.W.2d 589 (1991); *Linthicum* v. *Mar-Bay Shirt Co.*, 23 Ark. App. 26, 741 S.W.2d 275 (1987).

Affirmed.

COOPER and MAYFIELD, JJ., dissent.

JAMES R. COOPER, Judge, dissenting. I dissent because I do not agree that the Commission made any findings justifying denial of benefits. In cases, such as the case at bar, where the Commission has denied a claim because of a failure to show entitlement to benefits by a preponderance of the evidence, we will affirm if the Commission's opinion displays a substantial basis for the denial of relief. *Williams* v. *Arkansas Oak Flooring*, 267 Ark. 810, 590 S.W.2d 328 (Ark. App. 1979).

Here, the Commission denied relief solely on the basis of its finding that the appellant injured his back while attempting to move a freezer at his mother's house in June 1992. However, such an incident, even if it occurred, fails to display a substantial basis for the denial of relief where the Commission made no finding whatsoever with regard to the appellant's contention that he sustained a work-related injury in July 1992, after lifting buckets of wet wheat at work.

In this context it is important to note that the alleged work injury need not have been the sole cause of the appellant's disability in order for that disability to be compensable: compensation may be awarded where the claimant's ordinary work merely aggravates a prior condition. *Colonial Nursing Home* v. *Harvey*, 9 Ark. App. 197, 657 S.W.2d 211 (1983). However, the Commission in the case at bar never determined whether the alleged work injury contributed to the appellant's disability; in fact, the Commission never found whether the alleged work injury actually occurred. Instead, the Commission based its denial of relief solely on its finding that the appellant sustained an injury while attempting to move a freezer at his mother's house.

I submit that this finding provides no substantial basis for the denial of relief for the simple reason that the appellant would be entitled to compensation even in light of the freezer incident if he suffered a subsequent injury lifting buckets at work, as he

alleged, and thereby aggravated his prior condition. In the absence of a finding that the freezer incident was the sole cause of the appellant's condition, or any finding whatsoever regarding the alleged work injury, the Commission's opinion does not logically exclude the possibility of compensability and, therefore, provides no substantial basis for denial of relief.[1] I would reverse and remand.

MAYFIELD, J., joins in this dissent.

---

[1] It might be noted that the Commission "found" that the appellant failed to prove that he suffered a compensable injury. Although incorrectly designated as a "finding," such a statement regarding a party's having failed to meet his or her burden of proof is in fact a conclusion of law, and does not constitute a specific finding which is susceptible to review on appeal. *Cagle Fabricating & Steel, Inc.* v. *Patterson,* 309 Ark. 365, 830 S.W.2d 857 (1992).

