Sherry J. MORGAN *v.* DESHA COUNTY
TAX ASSESSOR'S OFFICE

CA 93-3405                                      871 S.W.2d 429

Court of Appeals of Arkansas
Division I
Opinion delivered March 16, 1994

*Philip M. Wilson, P.A.*, by: *Lana Parks Davis*, for appellant.

*Bridges, Young, Matthews & Drake*, by: *Michael J. Dennis*, for appellee.

JAMES R. COOPER, Judge. This is an appeal from the Workers' Compensation Commission's decision finding that the appellant failed to prove that certain medical treatment was reasonable and necessary for her compensable injury. On appeal, the appellant contends that the Commission's decision is not supported by substantial evidence. We agree and reverse and remand for the reasons discussed herein.

When reviewing a decision of the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the findings of the Commission and affirm that decision if it is supported by substantial evidence. *Garrett* v. *Sears, Roebuck & Co.*, 43 Ark. App. 37, 858 S.W.2d 146 (1993). However, this standard must not totally insulate the Commission from judicial review and render this Court's function in these cases meaningless. *Wade* v. *Mr. C. Cavenaugh's*, 25 Ark. App. 237, 756 S.W.2d 923 (1988). We will reverse a decision of the Commission when we are convinced that fair-minded persons with the same facts before them could not have reached the conclusion arrived at by the Commission. *Price* v. *Little Rock Packaging Co.*, 42 Ark.

App. 238, 856 S.W.2d 317 (1993).

The appellant sustained a compensable injury on October 18, 1990. She was initially treated by Dr. R.L. Turney and was subsequently referred to Dr. P.B. Simpson, Jr., a neurosurgeon. On November 20, 1990, Dr. Simpson performed a myelogram and a post myelogram CT scan which revealed a herniated nucleus pulposus at C5-6, along with cervical spondylosis. On November 26, 1990, Dr. Simpson performed a diskectomy at C5-6 with an anterior cervical fusion. On December 2, 1990, Dr. Simpson performed another myelogram and post myelogram CT scan which revealed minimal indentation of the thecal sac at C4-C5 and C5-C6, along with mild root swelling at those levels. The appellant suffered a grand mal seizure after the second myelogram. She was discharged from the hospital on December 5, 1990. The appellant returned to Dr. Turney and Dr. Simpson for regular follow-up visits and continued treatment.

The appellant petitioned for a change of physicians, or in the alternative, for an independent medical examination. An independent medical examination was completed by Dr. Robert Abraham, a neurosurgeon, on August 30, 1991. After reviewing the appellant's radiographic studies, he opined that the appellant had right cervical radiculopathy and recommended a conservative course of treatment. The appellant's final visit with Dr. Simpson was on January 20, 1992, at which time Dr. Simpson concluded that no further treatment was needed. He indicated that he was not impressed with the appellant's symptomatology. Dr. Simpson assigned an impairment rating of 15% to the appellant's body as a whole and released her from his care.

Dr. Turney subsequently referred the appellant to Dr. Ray Jouett, who examined the appellant on March 11, 1992. Dr. Jouett found that an MRI revealed some spondylosis at C5-6 and opined that the appellant may not have had a good fusion at that level. Consequently, Dr. Jouett referred her to one of his associates, Dr. David L. Reding, who performed additional surgery on the appellant.

The administrative law judge awarded the appellant temporary total disability benefits and found that the medical treatment rendered by Dr. Ray Jouett and Dr. David Reding was com-

pensable as authorized referrals for reasonable and necessary treatment from the appellant's authorized treating physician, Dr. Turney. The Commission reversed the ALJ's decision and found that the appellant failed to prove by a preponderance of the evidence that the treatment provided by Dr. Jouett and Dr. Reding was reasonably necessary for the treatment of her compensable injury. In doing so, the Commission found it unnecessary to address the other findings of the ALJ.[1]

The Commission found that the record contained only minimal evidence of the services provided by Dr. Jouett and Dr. Reding. It noted that the findings of Dr. Jouett and Dr. Reding which were in the record were consistent with the findings of Dr. Simpson and Dr. Abraham and, based on essentially the same findings, both Dr. Simpson and Dr. Abraham concluded that the surgery was not indicated. The Commission further noted that Dr. Reding indicated that the decision to operate was based on the failure of other forms of treatment to relieve the appellant's condition. The Commission placed greater weight on the opinions of Dr. Simpson and Dr. Abraham.

However, although Dr. Abraham recommended conservative treatment for the appellant, he did not suggest that further treatment was not in order. Dr. Simpson's office notes indicate that the appellant continued to experience pain in her neck which radiated into her right shoulder, arm, and hand. Even Dr. Simpson recommended that the appellant undergo another myelogram in order to discover the cause of her continued complaints of pain. However, the appellant testified that she was afraid to submit to another myelogram because of the seizure she previously experienced. Apparently, the conservative treatment of the appellant was not improving her condition. Dr. Reding found the appellant's diagnostic studies indicated a pseudoarthrosis at C5-6 with persistent osteophyte on her right side. He opined that this was probably causing her persistent pain syndrome. He repeated her decompression and fusion and noted that she seemed to do well with the procedure. We do not think that fair-minded persons with the same facts before them could have concluded that the appellant failed to prove by a preponderance of the evi-

---

[1]We note that the Commission did not make any determination regarding the appellant's award of temporary total disability benefits.

dence that the medical treatment by Dr. Jouett and Dr. Reding was reasonable and necessary. We therefore reverse the Commission's finding in this regard and remand to the Commission for review of the remaining issues.

Reversed and remanded.

PITTMAN and MAYFIELD, JJ., agree.