ARKANSAS DEPARTMENT OF CORRECTION
*v.* William HOLYBEE

CA 93-901                                          878 S.W.2d 420

Court of Appeals of Arkansas
Division I
Opinion delivered June 29, 1994

*Richard S. Smith*, for appellant.

*Friedman Law Offices*, by: *Errol N. Friedman*, for appellee.

MELVIN MAYFIELD, Judge. This is an appeal from a decision of the Arkansas Workers' Compensation Commission. We affirm.

At the hearing before the administrative law judge, it was stipulated that on September 5, 1991, the claimant, an employee of the Arkansas Department of Correction, was bitten by an inmate known to be HIV positive. It was also stipulated that the claimant missed no time from work, the injury was accepted as compensable, and payment had been made for treatment of the bite wound. It was further stipulated that the claimant's treating physician at the hospital emergency room recommended that the claimant be tested for, and receive treatment to prevent the development of, tetanus, hepatitis, HIV, AIDS, and AIDS related complex (ARC) and that the appellant declined to pay for these tests and prophylactic measures. The stipulation stated that the only issue before the Commission was the compensability of the medical procedures for which the respondent had declined to pay.

The administrative law judge held that the injury was compensable; that the exposure to the AIDS virus arose directly from the claimant's work-related injury; and that the testing, treatment, and prevention of the development, or spread, of the dis-

ease would be "reasonably necessary for the treatment of the injury" pursuant to Ark. Code Ann. § 11-9-508 (1987). The full Commission affirmed and adopted the opinion of the law judge.

The appellant argues that: "The Commission erred in holding that the diagnostic and preventive measures prescribed for detection, diagnosis and/or prevention of AIDS, ARC, HIV, tetanus, and hepatitis or other infectious diseases were reasonably necessary for treatment of the claimant's compensable injury, in that such a holding is not supported by substantial evidence and is contrary to applicable law."

Arkansas Code Annotated section 11-9-508 (1987) provides:

> (a) The employer shall promptly provide for an injured employee such medical, surgical, hospital, and nursing service, and medicine, crutches, artificial limbs, and other apparatus as may be reasonably necessary for the treatment of the injury received by the employee.

What constitutes reasonable and necessary treatment under this section is a fact question for the Commission. *Wright Contracting Co.* v. *Randall*, 12 Ark. App. 358, 676 S.W.2d 750 (1984). Also, whether the medical treatment actually provided is reasonable and necessary is a question of fact for the Commission. *DeBoard* v. *Colson Co.*, 20 Ark. App. 166, 725 S.W.2d 857 (1987). In determining the sufficiency of the evidence to sustain the findings of the Workers' Compensation Commission, we review the evidence in the light most favorable to the Commission's findings, and we must affirm if there is any substantial evidence to support them. We may reverse the Commission's decision only when we are convinced that fair-minded persons, with the same facts before them, could not have reached the conclusion arrived at by the Commission. *Id.*

Appellant contends that the medical care reasonable and necessary to "treat" the claimant's injury was merely cleansing the bite wound, suturing, and bandaging it. Appellant cites *City of Littleton* v. *Schum*, 38 Colo. App. 122, 553 P.2d 399 (1976), in support of its argument. In that case the Colorado Workers' Compensation Commission declined to allow a fireman, exposed to infectious hepatitis, preventative treatment because it did not

meet the criteria for occupational disease under the state statute; because mere exposure to a disease does not warrant an award of benefits; and because there was no statutory authority for requiring employers to provide preventive measures. The appellee/claimant distinguishes that case from this one by pointing out that Colorado had a specific statute quite different from that of Arkansas; the claimant in the Colorado case said he could have been exposed to hepatitis at work or outside work; and the disease was one to which the employee might have been equally exposed outside of his employment.

However, in *Jackson Township Volunteer Fire Company* v. *Workmen's Compensation Appeal Board (Wallet)*, 594 A.2d 826 (Pa. Commw. Ct. 1991), Wallet was a volunteer with the Ambulance Association, a division of the fire department, when he assisted with transporting the body of a person killed in an automobile accident and in the process got the victim's blood and body fluids on his hands and shirt. The victim was found to have had AIDS and was actively infected with the hepatitis B virus. The coroner immediately summoned Wallet to the hospital where he was tested for AIDS and hepatitis and received a series of injections to kill the hepatitis virus. The fire department and its insurer refused to pay for the tests and immunizations. The issue was whether the statutory definition of "injury" could apply to exposure to AIDS and hepatitis under these circumstances. It was held that Wallet's "injury" was "the risk of infection," and that "persons exposed to a serious risk of contracting a disease which is commonly known to be highly contagious/infectious and potentially deadly, have been 'injured' for the purpose of receiving compensation under the Act." 594 A.2d at 828.

■    The focus of our decision in the instant case is the Commission's decision that the appellee "is entitled to the medical treatment prescribed for the purposes of detecting and/or preventing tetanus, HIV, hepatitis, all of which arise out of his admittedly compensable injuries." We affirm that decision based on the Commission's specific finding that "the prescribed regimen of treatment is 'reasonably necessary for the treatment of the injury.'"

Affirmed.

PITTMAN and ROGERS, JJ., agree.