# B.W. DALTON *v.* ALLEN ENGINEERING COMPANY

CA 98-967                                        989 S.W.2d 543

Court of Appeals of Arkansas
Divisions I and II
Opinion delivered May 5, 1999

*Davis, Mitchell & Davis*, by: *Gary Davis*, for appellant.

*Anderson, Murphy & Hopkins, L.L.P.*, by: *Randy P. Murphy* and *David A. Littleton*, for appellees.

JOHN B. ROBBINS, Chief Judge. Appellant B.W. Dalton suffered an injury to his lower back while working for appellee Allen Engineering on March 26, 1987. Allen Engineering accepted the claim as compensable and paid medical benefits, which included compensation for back surgery. Several rounds of litigation followed, and the appellee was ultimately ordered to compensate Mr. Dalton for a 15% permanent anatomical impairment and 25% wage-loss disability. Since the injury, Mr. Dalton has continued to take prescription medication for pain. The controversy in this appeal pertains to approximately $3100 that Mr. Dalton spent on these prescription drugs between March 8, 1996, and April 25, 1997. Mr. Dalton sought compensation for these expenses after the appellee refused to reimburse him. After a hearing on the issue, the Commission refused to award any compensation, finding that continued drug treatment during the time period at issue was no longer reasonable or necessary treatment for the compensable injury. Mr. Dalton now appeals, arguing that the Commission's denial of additional medical benefits was not supported by substantial evidence.

When the Commission denies a claim because of the claimant's failure to meet his burden of proof, the substantial-evidence standard of review requires that we affirm the Commission's decision if its opinion displays a substantial basis for the denial of

relief. *Jordan v. Tyson Foods, Inc.*, 51 Ark. App. 100, 911 S.W.2d 593 (1995). Substantial evidence is that which a reasonable person might accept as adequate to support a conclusion. *City of Fort Smith v. Brooks*, 40 Ark. App. 120, 842 S.W.2d 463 (1992). A decision by the Workers' Compensation Commission should not be reversed unless it is clear that fair-minded persons could not have reached the same conclusions if presented with the same facts. *Silvicraft, Inc. v. Lambert*, 10 Ark. App. 28, 661 S.W.2d 403 (1983).

Mr. Dalton was the only witness at the hearing before the Commission. He testified that, in 1987, he was working for the appellee when a piece of equipment fell on him and injured his spine. At the time of the accident he was on an assignment in Georgia, and he subsequently received medical treatment in that state. He underwent surgery, began seeing Dr. Austin Grimes in 1990, and continued under his orthopedic care until 1994, when he was referred to a general practitioner, Dr. H.R. Duckworth. Dr. Duckworth continued to treat Mr. Dalton through the date of the hearing.

While under the care of Dr. Grimes, Mr. Dalton underwent conservative measures including therapy and medication. The medication prescribed by Dr. Grimes included Voltaren, Parafon, Zantac, and Darvocet. In late 1993, Dr. Grimes told Mr. Dalton that he had nothing else to offer him and referred him to Dr. Duckworth for further prescriptions. Since that time, Dr. Duckworth has continued to prescribe the same medication that Mr. Dalton was receiving under the care of Dr. Grimes.

Mr. Dalton testified that he has pain in his lower back that goes down into his hip, and muscle spasms that shoot into his left leg and foot. He indicated that any kind of lifting or pushing exacerbates the pain. As for the drugs that he takes, Mr. Dalton testified, "I have to take medication and probably will need it for the rest of my life."

Dr. Grimes gave a deposition in which he discussed the extent to which Mr. Dalton should have continued taking the medication. He testified:

In November of 1994 I said that he should not be taking all that Darvocet. I have not changed my opinion other than to qualify it by saying that I don't know what the situation is currently so I don't know whether he needs it or not. Darvocet is a narcotic pain medication. It has addiction potential. Most physicians try to get the patient away from that type of medication.

. . . .

All four of these drugs are consistent with a back pain complaint, and they are frequently prescribed. Darvocet is not a major narcotic, but at the same time, it is an addicting drug. The other medications are not considered addictive drugs. Darvocet is not a medication that we feel any hesitancy in prescribing short term. But if the medication is continuing to be prescribed it attacks the symptoms and not the problem.

Despite Dr. Grimes's reservations regarding the medication that he expressed in 1994, he also stated in his deposition:

I would defer to Dr. Duckworth with respect to Mr. Dalton's present prescription medications and treatment. The doctor seeing the patient must make the decision as to when to change medications.

. . . .

There are all sorts of methods of dealing with problems of continuing taking medications when it is probably not doing as much good as it has in the past. It becomes more of a crutch than an actual benefit. But neither this gentleman nor anyone else, should be cut off cold turkey from their medications.

Shortly before the hearing, Dr. Duckworth referred Mr. Dalton to a pain center program, and Dr. Grimes had this to say about it:

I responded in November of 1994 that I did not believe that taking this much medication was necessary seven years after the incident. Mr. Dalton has been referred to the pain center. I think the fact that he has been referred to the pain center is justification enough to whatever physician had written the orders for these drugs. The problem is that pain is subjective. The fact that he is being referred to a pain management center I think is reason enough to fill these medications at this one particular time. Normally, with pain center referrals, medication is stopped. After he is seen in the pain center program, I think the medications should

stop. Only one person should write prescriptions for the patient and whatever pain center management should be instituted from there. Additional medication prescriptions are not written in order to avoid interference with the treatment program.

. . . .

I would agree with the idea that he is requiring pain medication and should be seen in a pain management clinic.

In a letter written on December 13, 1994, Dr. Duckworth stated:

The last time that I saw the patient was September 2, 1994 at which time he was still having low back pain which appeared to be lower back muscle spasm. His medications were prescribed as follows: Zantac 150 mg. b.i.d., Voltaren 75 mg. b.i.d., Darvocet N 100 q four hours PRN for pain, and Parafon Forte 500 mg. b.i.d.

I agree with Dr. Grimes that seven years after this accident that his medication intake may be excessive. Probably he will need the Zantac if he continues to take the Voltaren. Darvocet and Parafon Forte should be taken only on a PRN basis. Also I feel that possibly a cheaper medication could be substituted for the Voltaren and the results would be equal. Certainly he doesn't need to take 100 Darvocet N per month as was indicated in your communication.

After reviewing Dr. Grimes's deposition in this matter, Dr. Duckworth gave the following opinion in a letter dated April 23, 1997:

I reviewed the oral deposition as given by Dr. Austin Grimes of Little Rock. I essentially agree with the testimony of Dr. Grimes in regard to the above workman's comp case. The last time I saw Mr. Dalton he seemed to have considerable pain either real or imagined. As you know there is no simple way of determining a patient's level of pain. After seeing the patient I feel that his medication level is justified.

I do think that Mr. Dalton should be in a pain control clinic or center. I think that they should be allowed to prescribe the necessary treatment for Mr. Dalton.

In denying compensation for the oral medication prescribed by Dr. Duckworth between March 8, 1996, and April 25, 1997,

the Commission relied on the opinions of Drs. Duckworth and Grimes. It noted that, as early as November 1994, Dr. Grimes expressed the belief that Mr. Dalton's medication was excessive. It also referenced Dr. Duckworth's letter of December 1994, in which he agreed that the medication may be excessive and indicated his willingness to limit the prescriptions. As for Dr. Grimes's testimony regarding the pain center program, the Commission found that he was recommending prescription medication one time only prior to admission into the program, rather than ongoing medication. In denying additional benefits, the Commission stated, "The opinions of Dr. Grimes and Dr. Duckworth support a finding that it is excessive for the claimant to be taking this medication over eleven years after his compensable injury."

For reversal, Mr. Dalton argues that there is no substantial evidence to support the Commission's finding that the medications prescribed were excessive and, thus, noncompensable. He notes that both Drs. Grimes and Duckworth were authorized treating physicians, and that neither gave the opinion that he should not be taking any medication. Indeed, Mr. Dalton continued his drug treatment under the supervision of Dr. Duckworth, who continued to prescribe the medication for the alleviation of his work-related back condition. Under these circumstances, Mr. Dalton submits that the continued treatment was reasonable and necessary.

The appellant bears the burden of proof in establishing entitlement to benefits under the Workers' Compensation Act and must sustain that burden by a preponderance of the evidence. *Morrow v. Morrow*, 5 Ark. App. 260, 635 S.W.2d 283 (1982). The medical benefits owed under the Workers' Compensation Act are only those that are reasonable and necessary. Ark. Code Ann. § 11-9-508(a) (Repl. 1996). In the instant case, we find that the Commission erred in refusing to award *any* benefits for Mr. Dalton's continuing pain medication.

There is a substantial basis to support the finding that not all of the claimed treatment was reasonable and necessary in light of some of the opinions expressed by Drs. Grimes and Duckworth. However, there is no substantial basis to support the Com-

mission's finding that *none* of the claimed treatment was compensable, because at no time did either of appellant's physicians give an opinion that the drug treatment should have been eliminated altogether. Instead, both doctors agreed that some prescription medication was necessary, and suggested only that the dosages may have been excessive. Indeed, in denying benefits, the Commission relied on the fact that the treatment was excessive, but never found that *all* of the treatment was unreasonable and unnecessary.

Even back in November 1994, Dr. Grimes only thought that Mr. Dalton should not be taking all of the medication being prescribed; he did not say that he should be cut off entirely. Indeed, he stated in his deposition that "neither this gentleman nor anyone else, should be cut off cold turkey from their medications." And, while Dr. Duckworth generally agreed in 1994 that the medications should be reduced, he continued to prescribe the full doses, which demonstrated that he thought the full medication was still necessary to treat the back pain. Then, in April 1997, Dr. Duckworth stated, "After seeing the patient I feel that his medication level is justified." In his deposition, Dr. Grimes stated, "I would defer to Dr. Duckworth with respect to Mr. Dalton's present prescription medications and treatment."

Mr. Dalton clearly established the need for further medication, and there was no evidence to the contrary. Therefore, we reverse and remand for the Commission to determine, if it can, in the performance of its fact-finding function, the extent of medication that was not excessive and the cost of such medication.

Reversed and remanded.

PITTMAN, HART, and ROGERS, JJ., agree.

JENNINGS and BIRD, JJ., dissent.

JOHN E. JENNINGS, Judge, dissenting. As the majority states, the employer has liability only for those medical expenses that are reasonable and necessary; the claimant has the burden of proof in this regard; and the Commission's decision must be affirmed if it displays a substantial basis for the denial of

relief. The majority also accurately sets out the relevant facts. And while I cannot disagree with the majority view that perhaps some of the medication was reasonable and necessary, it was incumbent upon the claimant to show the amount.

Given that two of his treating physicians testified that the amount of medication he was taking was excessive, I cannot say that the Commission's opinion is not supported by substantial evidence. I therefore respectfully dissent.

BIRD, J., joins.