GEO SPECIALTY CHEMICAL, INC., and Hartford
Underwriters Ins. Co. *v.* Frank CLINGAN

CA 99-897                                              13 S.W.3d 218

Court of Appeals of Arkansas
Divisions III and IV
Opinion delivered March 22, 2000

*Kilpatrick, Aud & Williams, L.L.P.*, by: *Gene Williams*, for appellants.

*Dodds, Kidd, Ryan & Moore*, by: *Donald S. Ryan*, for appellee.

JUDITH ROGERS, Judge. In this appeal from the Arkansas Workers' Compensation Commission, appellant challenges the award of additional medical benefits to appellee. We affirm.

On February 28, 1994, appellee fell from a dump truck while in appellant's employ and broke his hip. The accident also caused injury to his leg and back. Appellee had a history of back problems dating to 1985. He had undergone surgery to his back in 1993. Following a hearing that took place in December 1995 and in January 1996, the Commission determined that appellant had suffered a compensable injury to his hip and leg and a compensable aggravation of his preexisting back condition. The Commission awarded temporary total disability and authorized a neurological examination to determine whether the 1994 injury caused nerve damage to his left leg or foot. It awarded no further medical benefits.

In 1998, appellee again petitioned for additional medical benefits. In support of his claim, appellee introduced into evidence two notes from his treating physician, Dr. Philip Johnson, written in 1997, stating appellee was having recurring back symptoms related to his 1994 fall and was in need of pain management. Appellee also introduced the nerve-conduction study performed on April 24,

1997, which revealed peripheral neuropathy. The administrative law judge awarded additional medical benefits and the full Commission affirmed. This appeal follows.

■ When reviewing a decision of the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the findings of the Commission and affirm that decision if it is supported by substantial evidence. *Clark v. Peabody Testing Serv.*, 265 Ark. 489, 597 S.W.2d 360 (1979). The issue is not whether we might have rached a different result or whether the evidence would have supported a contrary finding; if reasonable minds could reach the Commission's conclusion, we must affirm its decision. *Bearden Lumber Co. v. Bond*, 7 Ark. App. 65, 644 S.W.2d 321 (1983). The Commission has the duty of weighing medical evidence and, if the evidence is conflicting, its resolution is a question of fact for the Commission. *Whaley v. Hardee's*, 51 Ark. App. 166, 912 S.W.2d 14 (1995). Conflicts in the medical evidence are a question of fact for the Commission. *Henson v. Club Prods.*, 22 Ark. App. 136, 736 S.W.2d 290 (1987).

■ ■ Appellant raises two points on appeal. First, appellant argues that the Commission's award of additional medical benefits is arbitrary and inconsistent with its own prior opinions, and that it is not supported by substantial evidence. Arkansas Code Annotated section 11-9-508 (Repl. 1996), states that employers must provide all medical treatment that is reasonably necessary for the treatment of a compensable injury. What constitutes reasonable and necessary treatment under this statute is a question of fact for the Commission. *Gansky v. Hi-Tech Eng'g*, 325 Ark. 163, 924 S.W.2d 790 (1996) (citing *Arkansas Dep't of Correction v. Holybee*, 46 Ark. App. 232, 878 S.W.2d 420 (1994)); *see also Morgan v. Desha County Tax Assessor's Office*, 45 Ark. App. 95, 871 S.W.2d 429 (1994). In 1996, the Commission agreed that objective evidence did not support continued treatment beyond the neurological testing on appellee's foot. In the opinion that is the subject of this appeal, the Commission held that objective findings supported additional treatment in the form of pain management as recommended by Dr. Johnson. This does not necessarily demonstrate arbitrariness or inconsistency on the part of the Commission. The Commission correctly decreed that appellee may be entitled to benefits for a subsequent period of complications related to his compensable injury as long as the

complications are distinguishable from those involved in the first hearing. *See Cariker v. Ozark Opportunities,* 65 Ark. App. 60, 987 S.W.2d 736 (1999). Appellee submitted to the Commission evidence of the 1997 neurological study and the opinions of Dr. Johnson supporting his claim that he needed additional medical treatment. The Commission did not arbitrarily reverse itself. Rather, it looked at the evidence before it and found evidence of nerve impingement in the nerve-conduction study and noted the opinion of the appellee's primary physician that appellee needed further treatment for his compensable injury. This same evidence provides substantial evidence to support the opinion of the Commission.

◼ Appellant argues further that the Commission made a mistake of fact when it interpreted the nerve-conduction study to indicate a finding of nerve impingement. Again, we find no error. The Commission considered the diagnosis by Dr. Miles following the nerve-conduction study. Dr. Miles positively diagnosed a peripheral neuropathy but stated that he was unable to test appellee's back to his satisfaction because of appellee's pain. After reviewing this report, the Commission characterized the results as evidence of nerve "impingement." "Peripheral neuropathy" is defined by Health Central's General Health Encyclopedia as "a general classification of disorders involving damage or destruction of nerves, not including the nerves of the brain or spinal cord." The dissent argues that the Commission made a mistake of fact when the nerve-conduction study was used to indicate a finding of nerve impingement. We recognize that the interpretation of medical opinion is for the Commission. *Stafford v. Arkmo Lumber Co.,* 54 Ark. App. 286, 925 S.W.2d 170 (1996). The interpretation given to medical evidence by the Commission has the weight and force of a jury verdict. *Oak Grove Lumber Co. v. Highfill,* 62 Ark. App. 42, 968 S.W.2d 637 (1998). Although the Commission characterized Dr. Miles' diagnosis of peripheral neuropathy as nerve "impingement," we find no reversible error in the use of the term "impingement" as opposed to "damage" or "destruction." This diagnosis, when combined with the opinion of Dr. Johnson that appellee was in need of pain management, was substantial evidence which supports the award of benefits.

◼◼ For its second point on appeal, appellant argues that the Commission erred as a matter of law by shifting the burden of proof

to the appellants to prove that the medical treatment requested by appellee was not reasonable or necessary. The injured party bears the burden of proof in establishing entitlement to benefits under the Workers' Compensation Act and must sustain that burden by a preponderance of the evidence. *Dalton v. Allen Eng'g Co.*, 66 Ark. App. 201, 989 S.W.2d 543 (1999). Here, the Commission undertook a lengthy discussion of the injury that the appellee sustained and why the evidence proved the treatment was reasonable and necessary. It noted that the reports of Drs. Miles and Johnson submitted by appellee supported his claim that he needed additional medical treatment and found that this treatment was reasonable and necessary. The Commission then noted that appellant had not rebutted this evidence. The Commission did not improperly place the burden of proof on appellant.

Affirmed.

ROBBINS, C.J., GRIFFEN, ROAF, and STROUD, JJ., agree.

PITTMAN, J., dissents.

JOHN MAUZY PITTMAN, Judge, dissenting. I dissent because I believe that the Commission made an error of fact when it stated in its opinion that electromagnetic tests conducted by Dr. Miles indicate "that the claimant is suffering from some type of problem relating to nerve impingement." Having studied Dr. Miles's conclusions with medical dictionary in hand, all I see is an indication that the claimant is suffering from a degenerative neurological condition involving the extremities. And, although we defer to the Commission's experience and knowledge when employed to make a finding based on the evidence before it, the Commission's expertise is not evidence and cannot be substituted for evidence. *Lunsford v. Rich Mountain Electric Coop.*, 38 Ark. App. 188, 832 S.W.2d 291 (1992).

Reversal and remand are required where the Commission makes a mistake of fact in its opinion, and where that error involves relevant medical evidence that the Commission expressly relied on in reaching its decision. *Holloway v. Ray White Lumber Company*, 337 Ark. 524, 990 S.W.2d 526 (1999). In the present case, the error was relevant to the question of whether the requested medical benefits were necessary for the treatment of a work-related back injury, and involves evidence the Commission expressly relied upon in making

its decision. I believe this case should therefore be reversed and remanded, and I respectfully dissent.