EPOXYN PRODUCTS, INC., and Lumberman's
Mutual Casualty Company v. Tim PADGETT

CA 03-228                                    138 S.W.3d 118

Court of Appeals of Arkansas
Division II
Opinion delivered December 10, 2003

*Rieves, Rubens & Mayton*, by: *Eric Newkirk*, for appellants.

No response.

JOHN F. STROUD, JR., Chief Judge. In this one-brief appeal, appellants, Epoxyn Products, Inc., and its workers' compensation insurance carrier, Lumbermen's Mutual Casualty Company, appeal the Workers' Compensation Commission's grant of workers' compensation benefits to appellee, Tim Padgett. On appeal, they contend, "The decision by the Full Commission that the appellee's urine test results reflecting the presence of marijuana were insufficient to trigger the rebuttable presumption of an injury substantially occasioned by drug use is erroneous as a matter of law, and their finding of a compensable injury is not supported by substantial evidence." We affirm the decision of the Commission.

On February 27, 2000, Padgett was severely burned on his arm while at work when he unclogged a pipe and some hot resin fell onto his arm. He admitted that when the injury occurred, he was not wearing a canvas sleeve, which would have kept the skin on his arm from being burned, and he said that he just was not using common sense. He also stated that prior to going to work that day, he had been with friends who were smoking marijuana.

He said that he did not smoke any marijuana, but that he was in an enclosed garage with the friends while they were smoking. He said that he knew that he could get high from being in the closed room with his friends, and even though he opened the door, he still stayed in the garage and talked to his friends while they smoked the marijuana. Neither friend testified on Padgett's behalf at the hearing.

After the accident, Padgett's supervisor, Carl Head, took him to the hospital. Head testified that he noticed nothing unusual about Padgett's behavior on the night of the accident that would indicate that he was intoxicated in any way. At the hospital, Padgett was given a urine drug test, and the results, which were confirmed using gas chromatography/mass spectrometry, tested positive for cannabinoids and the metabolites found in marijuana. However, prior to that test, Padgett had been given the medications Demerol and Compazine because of his severe pain. Furthermore, Padgett also testified that he took Depakote, an antiseizure medication, twice a day.

Deborah Williams, the Director of Laboratory Services at Baxter Regional Medical Center, testified by deposition that she had no reason to doubt the accuracy of Padgett's drug test. She said that the testing lab should have been provided a list of medications that Padgett had taken, but she did not know what information they had received. She stated that Padgett's chart indicated that he had been given medication prior to collection of the sample for the drug test. Williams stated that in her twenty-two years of lab work, she had not seen Compazine, Demerol, or Depakote cause a positive cannabinoids test, but that she could not say this with a reasonable degree of medical certainty because she was not a toxicologist. However, she did say that she was surprised that the test did not indicate a positive for one of the three other drugs.

Dr. Richard Burnett is the medical-review officer for appellant Epoxyn. He testified by deposition that he had seen Padgett's drug test that indicated positive for cannabinoids and the metabolites found in marijuana. He said that although he was not a toxicologist, he did not believe that a person would have a positive drug test from inhaling second-hand smoke. He said that he did not know without researching the issue whether Depakote, Demerol, or Compazine would affect the drug test, but he did say that the hospital should not have administered the medications prior to collecting the urine sample for Padgett's drug test.

In awarding Padgett workers' compensation benefits, the Commission found

> that claimant provided credible testimony of the circumstances surrounding his accident — the Commission finds that claimant sustained a compensable injury. Specifically, we find that claimant's test was invalid and that the preponderance of the evidence simply fails to establish the presence of illegal drugs in claimant's body at the time of his accident. Subsequently, because the test used by the hospital was invalid, the presumption that claimant's injury was substantially occasioned by the illegal use of drugs never arose.

Appellants appeal, arguing that the Commission erred as a matter of law in finding that the rebuttable presumption had not been triggered by the positive drug test.

■ In workers' compensation cases, this court views the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings, affirming the decision if it is supported by substantial evidence. *Geo Specialty Chem. v. Clingan*, 69 Ark. App. 369, 13 S.W.3d 218 (2000). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Air Compressor Equip. v. Sword*, 69 Ark. App. 162, 11 S.W.3d 1 (2000). On appeal, the issue for this court is not whether we might have reached a different result or whether the evidence would have supported a contrary finding; if reasonable minds could reach the Commission's conclusion, we must affirm its decision. *Geo Specialty, supra.*

■ In *Brown v. Alabama Electric Company*, 60 Ark. App. 138, 141-42, 959 S.W.2d 753, 754 (1998); this court held:

> A prima facie presumption existed under our prior workers' compensation law that an injury did not result from intoxication of the injured employee while on duty. Ark. Code Ann. § 11-9-707(4) (1987). Act 796 of 1993 changed that presumption: Arkansas Code Annotated § 11-9-102(5)(B)(iv) (Repl. 1996) now reads in pertinent part:
>
> "Compensable injury" does not include:
>
> . . . .

(iv)(a) Injury where the accident was substantially occasioned by the use of alcohol, illegal drugs, or prescription drugs used in contravention of physician's orders.

(b) The presence of alcohol, illegal drugs, or prescription drugs used in contravention of a physician's orders shall create a rebuttable presumption that the injury or accident was substantially occasioned by the use of alcohol, illegal drugs, or prescription drugs used in contravention of physician's orders.

(c) Every employee is deemed by his performance of services to have impliedly consented to reasonable and responsible testing by properly trained medical or law enforcement personnel for the presence of any of the aforementioned substances in the employee's body.

(d) An employee shall not be entitled to compensation unless it is proved by a preponderance of the evidence that the alcohol, illegal drugs, or prescription drugs utilized in contravention of the physician's orders did not substantially occasion the injury or accident.

See also *Graham v. Turnage Employment Group*, 60 Ark. App. 150, 960 S.W.2d 453 (1998). The employee has the burden of proving a compensable injury. *Wentz v. Service Master*, 75 Ark. App. 296, 57 S.W.3d 753 (2001). In *Express Human Resources III v. Terry*, 61 Ark. App. 258, 260-61, 968 S.W.2d 630, 632 (1998), this court noted:

Prior to the passage of Act 796 of 1993, it was the employer's burden to prove that an employee's accident was caused by intoxication or drug use.

. . . However, Act 796 shifted this burden of proof by requiring the employee to prove by a preponderance of the evidence that alcohol or drug use did not substantially occasion the injury, if alcohol or drugs were found in his body after an accident.

██ ██ It is the Commission's responsibility to use its experience and expertise to translate medical testimony into findings of fact, and it is within the Commission's province to accept or reject medical opinion and to determine its medical soundness and probative value. *Williams v. Brown's Sheet Metal*, 81 Ark. App. 459, 105 S.W.3d 382 (2003). Furthermore, it is the duty of the Commission to weigh the medical evidence and, if the evidence is

in conflict, the resolution of such evidence is a question of fact for the Commission. *Searcy Indus. Laundry, Inc. v. Ferren*, 82 Ark. App. 69, 110 S.W.3d 306 (2003).

■■ In the present case, the Commission had before it a drug test that indicated that Padgett had tested positive for cannabinoids and marijuana metabolites. However, there was also testimony that Padgett was given pain medication prior to submitting a urine sample for testing, although there was no testimony that the improper procedure conclusively created a false positive on Padgett's drug test. Nevertheless, we are bound by the Commission's determination that the drug test was not credible evidence, and therefore the statutory presumption did not arise.

Not only do appellants argue that the statutory presumption was raised, they also contend that Padgett failed to rebut the presumption. However, due to our disposition on the first issue, it is not necessary to address this point of appeal because the statutory presumption never arose. We find that there is sufficient evidence to support the Commission's award of benefits to Padgett.

Affirmed.

GLADWIN and BAKER, JJ., agree.